UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHAV SINGH,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES GOVERNMENT, et al.,<br><br>    Defendants. | No. 1:15-cv-1844 JAM AC (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

I. SCREENING STANDARD

The federal in forma pauperis statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous or malicious where it is based
2  on an indisputably meritless legal theory or where the factual contentions are clearly baseless.
3  Neitzke, 490 U.S. at 327.  A lawsuit making the same claims as have already been dismissed with
4  prejudice in a prior lawsuit is also frivolous.  See Franklin, 745 F.2d at 1230 (affirming dismissal
5  of plaintiff's claims as "frivolous or malicious" where the request for damages was barred "under
6  the doctrine of res judicata").

## II.  BACKGROUND

8   Plaintiff has sued the United States, and, as best the court can tell, he seeks the refund of
9  federal taxes that he paid for 1998-2002.  See Complaint (ECF No. 1) ¶ 2.  It appears that plaintiff
10 alleges that the taxes were illegally assessed and collected.  See id. ¶ 2.  The Internal Revenue
11 Service ("IRS") failed to send him a notice of deficiency, and he received no "notice."  Id. ¶¶ 2
12 & 3.  The IRS "robbed and killed the public."  Id. ¶ 4.  In addition, the IRS "defied almost every
13 law of assessing and collecting taxes and passed the confidential information to others."  Id. ¶ 5.
14 Plaintiff alleges that he has "exhausted all the administrative remedies available to him," although
15 he does not specify what remedies he exhausted.  Id. ¶ 5.  Plaintiff indicates that the Tax Court
16 was involved in this matter, and "decided" that plaintiff's tax liability for 1988-2001 was only
17 $8,000.  Id. ¶ 8.

18   Plaintiff filed a very similar first amended complaint in Singh v. United States, ECF
19 No. 36, 2:13-cv-780 TLN EFB (E.D. Cal. August 12, 2014).  Indeed, every paragraph of the first-
20 filed complaint is included, mostly verbatim, in the current, slightly longer complaint.  In both
21 complaints, plaintiff complained that he was "coerced" into paying an "arbitrary amount of taxes
22 for 1998, 1999, 2000, 2001 and 2002."  ECF No. 1 ¶ 2; 13-cv-780 ECF No. 51 ¶ 2.  Plaintiff
23 further complained that the IRS "illegally had collection of much higher arbitrary amount for the
24 employee taxes for the years of 1998 through 2001 in addition to much higher arbitrary amount
25 for the taxes for the years of 2008, 2009 and 2010."  ECF No. 1 ¶ 2; 13-cv-780 ECF No. 51 ¶ 2.
26 Both complaints seek an injunction restraining the government "from collection in violation of
27 laws" and damages for the government's illegal actions.  ECF No. 1 at 3; 13-cv-780 ECF No. 51
28 at 5.

The first-filed action was dismissed without leave to amend.  The district judge adopted the magistrate judge's determination that the court (1) lacked subject matter jurisdiction to enjoin the assessment of taxes because of the Anti-Injunction Act, and (2) lacked subject matter jurisdiction over plaintiff's refund claim because he failed to allege that he paid the taxes in full.  In addition, the district judge found that (1) plaintiff cannot sue for damages for improper assessment of taxes, and that (2) plaintiff's complaints about not receiving a deficiency notice were barred by res judicata because the matter was fully addressed by the Tax Court (whose decision is on appeal to the Ninth Circuit).  Plaintiff's first-filed lawsuit is now on appeal to the Ninth Circuit.  Singh v. United States, 2:13-cv-780 ECF Nos 84, 85, 101; Singh v. United States, No. 15-15840 (9th Cir.).

## II.  ANALYSIS

The claims that plaintiff brings here have already been litigated in Singh v. United States, 2:13-cv-780 (E.D. Cal.).  That action was dismissed in its entirety, with prejudice, and is now on appeal to the Ninth Circuit.  The current action is therefore barred by res judicata.

Res judicata "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits."  United States v. Tohono O'Odham Nation, 131 S. Ct. 1723, 1730 (2011) (internal quotation marks omitted).  Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.  Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378 (1940).  "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties."  Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation marks omitted).

Here, the parties are the same.  The claims are identical, even though in the current lawsuit plaintiff has added an allegation that he paid the taxes for 2008 and 2009, and added two additional pages of hyperbole about how badly he has been treated.  Finally, the first filed case reached a final judgment on the merits, inasmuch as it was dismissed "without leave to amend."  Leon v. IDX Systems Corp., 464 F.3d 951, 962 (9th Cir. 2006) ("a dismissal with prejudice is a

determination on the merits).

> The established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal. To deny preclusion in these circumstances would lead to an absurd result: Litigants would be able to refile identical cases while appeals are pending, enmeshing their opponents and the court system in tangles of duplicative litigation.

Tripati v. Henman, 857 F.2d 1366, 1367 (9th Cir. 1988) (per curiam) (citations omitted).

In addition, the court in the first-filed action denied plaintiff's motion for leave to further amend his complaint. Accordingly, if plaintiff wished to further amend his complaint to add the allegation that he has now paid his 2008 and 2009 taxes, his remedy is to appeal the first-filed decision – which he has done – rather than to simply file an amended complaint in defiance of the court's order denying him leave to amend.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 2), is GRANTED.

Further, IT IS HEREBY RECOMMENDED that plaintiff's complaint be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 29, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4